JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE L. WATSON,<br><br>            Plaintiff,<br><br>    v.<br><br>MARY ELLEN NIEBLAS,<br><br>            Defendant. | Case No. CV 15-01234-JAK (RAOx)<br><br>**ORDER DISMISSING ACTION AND DENYING APPLICATION TO PROCEED** *IN FORMA PAUPERIS* |

**I.     INTRODUCTION**

    On June 24, 2015, Plaintiff Rose L. Watson ("Plaintiff") brought this action against Defendant Mary Allen Nieblas ("Defendant"), asserting four causes of action: (1) breach of contract; (2) misrepresentation; (3) fraud; and (4) harassment in violation of civil rights.  Plaintiff has also submitted an application for *in forma pauperis* status.  Complaint  ("Compl.") at p. 1.

    Very liberally construed, Plaintiff's Complaint claims that Plaintiff and Defendant entered into an agreement for assistance with a loan modification involving Defendant's house.  Compl. at p. 1.  As part of the agreement, Plaintiff would move into the house and make improvements to it.  *Id.* at pp. 1-2.  In addition, if the loan modification was denied, Plaintiff and Defendant would execute a short sale of the house.  *Id.* at p. 2.  Plaintiff entered into the agreement

believing Defendant was facing financial hardship and spent approximately $5,000.00 on home improvements. *Id.* at pp. 1-2. However, Defendant reneged on the agreement. *Id.*

Plaintiff subsequently discovered that Defendant had previously applied for, and been denied, a loan modification. Compl. at p. 2. The house was already in foreclosure. *Id.* None of this information was provided to Plaintiff. *Id.* Defendant also harassed Plaintiff by trying to remove Plaintiff from Defendant's house, contrary to the terms of their agreement. *Id.*

Plaintiff seeks damages of $5,000.00 and asks the Court to order specific performance regarding the short sale of Defendant's house. Compl. at p. 2.

## II.     DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2), district courts must perform an initial screen of civil complaints filed by individuals proceeding *in forma pauperis*. The Court may dismiss such a complaint, or portion thereof, before service of process if the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

Additionally, federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The Court has a duty to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and may *sua sponte* dismiss a case where there is an obvious jurisdictional issue. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see also Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an

opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (citations omitted).

Here, the Complaint is silent as to the basis on which the Court has subject matter jurisdiction over this action. The Court's own review of the Complaint makes clear that the Court has neither federal question nor diversity jurisdiction. *See Kokkonen*, 511 U.S. at 377 (noting that federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction).

<u>First</u>, under 28 U.S.C. § 1331, district courts have original question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." Whether a claim "arises under" federal law "is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1091 (9th Cir. 2009) (quoting *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998) (internal quotations marks omitted).

Plaintiff asserts four causes of action, none of which facially arises under federal law. Indeed, claims of breach of contract, misrepresentation, fraud, and harassment[1] generally arise under state law. *See, e.g.*, *Opera Plaza Residential Homeowners Ass'n v. Hoang*, 376 F.3d 831, 840 (9th Cir. 2004) (A claim "for damages stemming from alleged breach of contract, is clearly a creature of state law"). For these reasons, no federal question is presented.

---

[1] Plaintiff's fourth cause of action – harassment in violation of civil rights – does not present on its face a claim arising under federal law. Indeed, the Complaint fails to set forth facts showing how Defendant's conduct deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

<u>Second</u>, district courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977). In determining the amount in controversy in such cases, the Ninth Circuit employs the "either viewpoint rule," which permits the "object of the litigation" to be valued either from the plaintiff's viewpoint or the defendant's viewpoint. *See In re Ford Motor Co. / Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce.").

Here, Plaintiff has not adequately pleaded federal diversity jurisdiction. Plaintiff seeks damages of $5,000.00 and a Court order for specific performance that Defendant shall execute a short sale of her house, *see* Compl. at p. 2. However, Plaintiff fails to allege the value of the house so that it can determine if the amount of controversy exceeds the $75,000.00 threshold. Moreover, Plaintiff fails to allege Defendant's citizenship.[2] The Court thus cannot exercise diversity jurisdiction in this case.

In sum, the Court is without subject matter jurisdiction over this action.

///
///
///
///
///

---

[2] In Plaintiff's civil cover sheet, Defendant is listed as a resident of Riverside County. *See* ECF Document No. 1-1. As such, there appears to be no diversity of citizenship.

### III. CONCLUSION

Accordingly, IT IS ORDERED that: (1) this case is DISMISSED without prejudice; and (2) Plaintiff Rose L. Watson's application to proceed *in forma pauperis* is DENIED as moot.

IT IS SO ORDERED.

DATED: _7/9/15

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE